UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| MELVIN GROSS, Individually and on Behalf of All Others Similarly Situated, | : | Civ. A. No. 1:19-cv-02892 |
| | : | |
| | : | <u>CLASS ACTION</u> |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| AT&T INC., RANDALL L. STEPHENSON, JOHN J. STEPHENS, SAMUEL A. DI PIAZZA, JR., RICHARD W. FISHER, SCOTT T. FORD, GLENN H. HUTCHINS, WILLIAM E. KENNARD, MICHAEL B. MCCALLISTER, BETH E. MOONEY, JOYCE M. ROCHÉ, MATTHEW K. ROSE, CYNTHIA B. TAYLOR, LAURA D'ANDREA TYSON, and GEOFFREY Y. YANG, | : | <u>ORAL ARGUMENT REQUESTED</u> |
| | : | |
| Defendants. | : | |

---

**MEMORANDUM OF LAW IN OPPOSITION
TO THE MOTION OF IRONWORKERS LOCALS 40, 361 & 417
UNION SECURITY FUNDS, IRON WORKERS LOCAL 580 JOINT FUNDS,
AND LOCAL 295 IBT EMPLOYER GROUP PENSION FUND
FOR LEAVE TO FILE A SUR-REPLY IN FURTHER OPPOSITION
TO MOTION OF KBC ASSET MANAGEMENT NV FOR RECONSIDERATION**

KBC Asset Management NV ("KBC") respectfully submits this memorandum of law in opposition to the Motion of Ironworkers Locals 40, 361 & 417 Union Security Funds, Iron Workers Local 580 Joint Funds, and Local 295 IBT Employer Group Pension Fund for Leave to File a Sur-Reply in Further Opposition to Motion of KBC Asset Management NV for Reconsideration (the "Sur-Reply Motion"), ECF No. 70.

## PRELIMINARY STATEMENT

For the reasons set forth below, the Sur-Reply Motion should be denied because KBC did not raise any new arguments in its reply brief, ECF No. 69, but rather directly replied to issues raised by the Institutional Investor Group in its response brief and accompanying expert declaration, ECF Nos. 66, 67. But even if the Court were to permit the filing of a sur-reply (and it should not), the Institutional Investor Group's proposed sur-reply memorandum, ECF No. 70-1, does not alter the conclusion that KBC has the "largest financial interest" in the relief sought by the putative class and has made the requisite *prima facie* showing of typicality and adequacy. Those conclusions are unaltered by the arguments set forth in the Institutional Investor Group's proposed sur-reply memorandum.[1]

## ARGUMENT

The Federal Rules of Civil Procedure, the Local Rules for the Southern District of New York, and this Court's individual practices do not expressly permit the filing of a sur-reply. *See,*

---

[1] The Institutional Investor Group's contention that "questions surrounding KBC's standing have already created a time- and resource-consuming sideshow, distracting the Lead Plaintiffs from the prosecution of the claims against the defendants," ECF No. 70-1 at 4, is particularly disingenuous given that (i) one of its members (Iron Workers Local 580 Joint Funds, represented by the same counsel as here) spent ***six months*** contesting another movant's lead plaintiff motion in *Holwill v. AbbVie Inc.*, No. 1:18-cv-06790 (N.D. Ill.), only to acknowledge later that the other movant had standing, *see* ECF No. 69 at 6 n.6, and (ii) this is the Institutional Investor Group's second request to file a sur-reply in this matter.

*e.g.*, *Braten v. Kaplan*, No. 07 Civ. 8498(HB), 2009 WL 614657, at *2 n.1 (S.D.N.Y. Mar. 10, 2009) ("Because neither the Federal Rules of Civil Procedure nor the Local Civil Rules of this Court authorize litigants to file surreplies, the Court will consider the matter before it based only on the initial motion, opposition and reply."). "Allowing parties to submit surreplies is not a regular practice that courts follow, because such a procedure has the potential for placing a court 'in the position of refereeing an endless volley of briefs.'" *Kapiti v. Kelly*, 07 Civ. 3782(RMB)(KNF), 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008); *see also Weaver v. Celebration Station Props., Inc.*, No. H-14-2233, 2015 WL 1932030, at *3 (S.D. Tex. Apr. 28, 2015) ("Surreplies, and any other filing that serves the purpose or has the effect of a surreply, are **highly disfavored**, as they usually are a strategic effort . . . to have the last word on a matter." (emphasis added)).[2]

As a preliminary matter, it is worth noting that (once again) the Institutional Investor Group's co-lead plaintiff, Steamfitters Local 449 Pension Plan ("Steamfitters"), has not joined in the Institutional Investor Group's arguments and has instead remained silent.[3] As before, this silence is telling as to the merits of the Institutional Investor Group's sur-reply request and arguments.

The Institutional Investor Group argues that a sur-reply is appropriate because KBC previously "asserted that it had standing by virtue of a grant of authority provided by its

---

[2] While a sur-reply may be appropriate "when a moving party 'sandbags' an adversary by raising new arguments in a reply brief," *Franek v. Walmart Stores, Inc.*, No. 08-CV-0058, 2009 WL 674269, at *19 n.14 (N.D. Ill. Mar. 13, 2009), the "[d]enial of a motion to file a surreply is appropriate 'when the movant has had the opportunity to thoroughly brief the issues,'" *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 80 F. Supp. 3d 838, 857 (N.D. Ill. 2015). There is no question that the Institutional Investor Group has been given that opportunity.

[3] *See* ECF No. 68 (declining to join the Institutional Investor Group's opposition to KBC's motion for reconsideration or to challenge KBC's standing).

2

Management Agreements." ECF No. 70-1 at 1 (citing ECF Nos. 49 & 61). As it did in its opposition to the motion for reconsideration, the Institutional Investor Group mischaracterizes the record. *See* ECF No. 69 at 2-5 (detailing numerous mischaracterizations offered by the Institutional Investor Group).[4] In its memorandum of law filed with its motion for reconsideration, ECF No. 61, KBC made clear that its standing was based on more than its investment management agreements with its funds. *See, e.g.*, *id.* at 5 ("KBC's standing to represent its funds derives from **both** Belgian law **and** the investment management agreements." (emphases added)). KBC filed with that brief an expert declaration from Professor Matthias Storme that demonstrated KBC's standing under both the "execution of the investment management agreements **and** under the Collective Investment Act of 2012." Decl. of Prof. Matthias Storme, ECF No. 62-1, at ¶ 6 (emphasis added).[5]

Turning to the prudential exception, contrary to the Institutional Investor Group's arguments, KBC has not proffered a "completely new argument." ECF No. 70-1 at 1. KBC previously distinguished *W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 109 (2d Cir. 2009), in order to show that the *facts* in that case – in which the Second Circuit found an investment manager lacked standing – are inapplicable here. *See* ECF No. 61 at 7-8. It was only in *response* to the Institutional Investor Group's opposition to the motion for reconsideration – and in particular the declaration of its expert, Professor Kent – that KBC then set forth that it fits within *Huff*'s prudential exception nonetheless. *See* Decl. of Prof. J. Andrew

---

[4]   Interestingly, the Institutional Investor Group does not take issue with KBC's criticisms of its previous mischaracterizations.

[5]   Despite their expert, Professor Kent, having previously acknowledged the relevance of foreign law to Article III standing, *see* ECF No. 69 at 6-7, the Institutional Investor Group does not attempt to explain why all of a sudden Professor Kent has now taken the contradictory position that foreign law is **ir**relevant to Article III standing.

3

Kent in Connection with Mots. for Appointment of Lead Pl., ECF No. 67-1, at ¶¶ 9-17 (addressing *Huff* and the prudential exception). This is, of course, precisely the point of a reply brief: to respond to arguments made in an opposition.

In its proposed sur-reply memorandum, the Institutional Investor Group states that "[t]he prudential exception 'permit[s] third-party standing where the plaintiff can demonstrate (1) a close relationship to the injured party and (2) a barrier to the injured party's ability to assert its own interests.'" ECF No. 70-1 at 1-2 (quoting *Huff*, 549 F.3d at 109) (second alteration in original). KBC has done exactly that, *see* ECF No. 69 at 7-9 (describing the close relationship between KBC and its funds and the barriers to those funds seeking recovery on their own behalf), and the Institutional Investor Group's case law does not alter that conclusion.

In *In re Bear Stearns Cos., Securities, Derivative, & ERISA Litigation*, No. 08 MDL 1963 (RWS), 2016 U.S. Dist. LEXIS 97784 (S.D.N.Y. July 25, 2016), the plaintiff was found to lack Article III standing to represent a foundation. Unlike here, however, there is no reference to that plaintiff having the authority to represent the foundation through the operation of any agreement or statute.[6] The Institutional Investor Group's citation to *Baydale v. American Express Co.*, 09 Civ. 3016(WHP), 2009 WL 2603140 (S.D.N.Y. Aug. 14, 2009), also is unavailing. There, unlike here, the proposed lead plaintiff "d[id] not attempt to show that it has 'legal title to, or a proprietary interest in, the claim.'" *Id.* at *3. KBC and its expert, by contrast, have done just that. *See* ECF No. 61 at 7.[7] The Institutional Investor Group also cites to *Greene v. Gerber Products Co.*, 262

---

[6] In fact, the plaintiff in *Bear Stearns* argued that his standing was akin to "practical barriers" such as those that "permit a white juror to challenge discriminatory exclusion of seven black venirpersons on the basis of their race." 2016 U.S. Dist. LEXIS 97784, at *55. Quite correctly, the court in *Bear Sterns* noted the situations are "not comparable." *Id.*

[7] The *Baydale* court also noted "several additional considerations that weigh against [the proposed lead plaintiff]'s appointment," such as "conflicts arising from other activities carried out by [the movant]'s parent companies," including their involvement in issuing credit cards, the same

4

F. Supp. 3d 38 (E.D.N.Y. 2017), for the proposition that "[t]he prudential exception is construed extremely narrowly," ECF No. 70-1 at 2.  Not only are the words "extremely narrowly" conspicuously absent from the court's holding, but that case involved an attempt by plaintiffs to claim standing on behalf of **unknown individuals** to "sue to enjoin Defendant's false advertising practices," even though the plaintiffs "fail[ed] to allege that they will purchase the Infant Formula in the future."  *Greene*, 262 F. Supp. 3d at 54.[8]

When all is said and done, the Institutional Investor Group has failed to demonstrate the "'***exacting proof***' needed to rebut the PSLRA's presumption."  *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) (emphasis added).  The sort of conclusory assertions and mere speculation offered by the Institutional Investor Group does not suffice.  *See Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324-25 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are . . . insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence of the existence of an actual or potential conflict of interest or a defense to which [the presumptively most adequate plaintiff] would be uniquely subject.").[9]

---

line of business as that of the defendant corporation.  2009 WL 2603140, at *4.  Apart from the foregoing, at least one other court has rejected the holding in *Baydale* as being contrary to the PSLRA.  *See OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 403 (D. Del. 2014) (rejecting *Baydale* as "rely[ing] on mere speculation, not actual proof provided by the opposing movant").

[8]     *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168 (2d Cir. 2005), cited by the Institutional Investor Group, ECF No. 70-1 at 2, is equally unpersuasive.  That case addressed the question of whether an association had standing "to sue on behalf of volunteers who are *not* members."  418 F.3d at 174.  While the Second Circuit did hold that the plaintiff had "not demonstrated a hindrance to the volunteers' ability to protect their own interests," it did not reach the question of the association's standing with respect to the member volunteers because "[t]he need for an individualized inquiry would defeat the association's standing."  *Id.*

[9]     As to the Institutional Investor Group's argument that KBC obtained assignments in another action, *see* ECF No. 70-1 at 3-4, that argument has been put to bed already, *see* ECF No. 61 at 7 n.5 ("Such a conclusion [that assignments are not required] is in accord with that of other courts to have considered the Article III standing of European institutional investors to represent their funds based on similar laws of the investors' respective countries."  *See, e.g.*, *Boynton Beach*

In sum, "the question is whether anyone can *prove* that the presumptive lead plaintiff will not do a 'fair[] and adequate []' job."  *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) (alterations in original) (emphasis added).  The answer here is a resounding no.[10]

## CONCLUSION

For the reasons stated above, KBC respecfully requests that the Court deny the Institutional Investor Group's Motion for Leave to File a Sur-Reply in Further Opposition to Motion of KBC Asset Management NV for Reconsideration.

DATED: July 24, 2019

Respectfully submitted,

**MOTLEY RICE LLC**

*/s/ William H. Narwold*

William H. Narwold
20 Church St., 17th Floor
Hartford, CT  06103
Telephone:  (860) 882-1681
Facsimile:  (860) 882-1682
bnarwold@motleyrice.com

and

Gregg S. Levin
Christopher F. Moriarty
28 Bridgeside Blvd.

---

*Firefighters' Pension Fund v. HCP, Inc.*, No. 3:16-cv-1106, 2017 WL 5759361, at *4 (N.D. Ohio Nov. 28, 2017) (holding European institutional investor not required to obtain assignments and noting 'execution of assignments and alternative reliance upon them is a fail-safe').").

[10]   The Institutional Investor Group's purported concern that if KBC is appointed lead plaintiff "the entire case could be dismissed," ECF No. 70-1 at 4, may be dispensed with summarily.  First, "speculation about future standing or class-certification issues" cannot rebut "the presumption that [KBC] is the most adequate lead plaintiff."  *Fishbury, Ltd. v. Connetics Corp.*, No. 06 Civ. 11496(SWK), 2006 WL 3711566, at *4 (S.D.N.Y. Dec. 14, 2006).  Second, while KBC has readily demonstrated its standing, any remaining concerns the Court may have should be alleviated by the fact that KBC is willing to work with Steamfitters and its counsel and no party has challenged Steamfitters' standing.

6

Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
glevin@motleyrice.com
cmoriarty@motleyrice.com

*Counsel for KBC Asset Management NV*
*and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 24, 2019.

*/s/ William H. Narwold*
William H. Narwold